**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson**

| | | |
|---|---|---|
| CELLPORT SYSTEMS, INC., | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-cv-03296-RBJ |
| | ) | |
| ZTE CORPORATION, ZTE (USA) INC., | ) | |
| ZTE SOLUTIONS INC., | ) | |
|       Defendants. | ) | |

and

| | | |
|---|---|---|
| CELLPORT SYSTEMS, INC., | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-00173-RBJ |
| | ) | |
| HTC CORPORATION, | ) | |
| HTC AMERICA HOLDING INC., | ) | |
| HTC AMERICA, INC., | ) | |
|       Defendants. | ) | |

and

| | | |
|---|---|---|
| CELLPORT SYSTEMS, INC., | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-00174-RBJ |
| | ) | |
| KYOCERA COMMUNICATIONS, INC., | ) | |
|       Defendants. | ) | |

and

| | | |
|---|---|---|
| CELLPORT SYSTEMS, INC., | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-00175-RBJ |
| | ) | |
| LG ELECTRONICS, INC., | ) | |
| LG ELECTRONICS, U.S.A., INC., | ) | |

LG ELECTRONICS MOBILECOMM          )
U.S.A., INC.,                      )
    Defendants.                    )

and

CELLPORT SYSTEMS, INC.,            )
    Plaintiff,                     )
                                   )
v.                                 )   Civil Action No. 1:13-cv-00178-RBJ-MJW
                                   )
NOKIA CORPORATION,                 )
NOKIA INC.,                        )
    Defendants.                    )

and

CELLPORT SYSTEMS, INC.,            )
    Plaintiff,                     )
                                   )
v.                                 )   Civil Action No. 1:13-cv-00179-RBJ
                                   )
PANTECH CO. LTD.,                  )
PANTECH WIRELESS, INC.,            )
    Defendants.                    )

and

CELLPORT SYSTEMS, INC.,            )
    Plaintiff,                     )
                                   )
v.                                 )   Civil Action No. 1:13-cv-00180-RBJ
                                   )
SAMSUNG ELECTRONICS CO., LTD.      )
SAMSUNG TELECOMMUNICATIONS         )
AMERICA, LLC,                      )
    Defendants.                    )

---

## JOINT CIVIL SCHEDULING ORDER

---

As ordered by the Court, Plaintiff Cellport Systems, Inc. ("Plaintiff" or "Cellport")

and Defendants Samsung Electronics Co., Ltd., Samsung Telecommunications

America, LLC, Pantech Co. Ltd., Pantech Wireless, Inc., Nokia Corporation, Nokia Inc.,

Kyocera Communications, Inc., ZTE (USA) Inc., LG Electronics, Inc., LG Electronics

U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc., HTC Corporation, HTC America

Holding Inc., and HTC America, Inc. (collectively, "Defendants"), jointly submit this

Proposed Civil Scheduling Order, under which the above-captioned cases will be

coordinated for the limited purpose of pre-trial discovery, claim construction, and a joint

invalidity trial only.

1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Pursuant to this Court's various orders in the above-captioned cases (*e.g.,* 1:12-

cv-3296-RBJ, Dkt. No. 27; 1:13-cv-173-RBJ; Dkt. No. 20; 1:13-cv-174-RBJ; Dkt. No. 19;

1:13-cv-175-RBJ, Dkt. No. 37; 1:13-cv-178-RBJ-MJW, Dkt. No. 27; 1:13-cv-179-RBJ;

Dkt. No. 22; 1:13-cv-180-RBJ; Dkt. No. 29), a scheduling conference was held on May

22, 2013 at 1:30pm.  The tables below provide the names, addresses, and telephone

numbers of counsel for each Party that attended:

| Cellport Systems, Inc.<br>Plaintiff | LG Elecs., Inc., et al.,<br>Defendants |
|---|---|
| David M. Tenner<br>Ridley, McGreevy & Winocur, P.C.<br>303 16th Street, Suite 200<br>Denver, Colorado 80202<br>Telephone: (303) 629-9700<br>Facsimile: (303) 629-9702<br>Email: tenner@ridleylaw.com | Aaron P. Bradford<br>Lathrop & Gage, LLP-Denver<br>950 17th Street<br>U.S. Bank Building<br>Suite 2400<br>Denver, CO 80202<br>Telephone: (720) 931-3200<br>Fax: (720) 931-3201<br>Email: abradford@lathropgage.com |
| Matthew J.M. Prebeg<br>Clearman\|Prebeg LLP<br>815 Walker Street, Suite 1040<br>Houston, Texas 77002<br>Telephone: (713) 223-7070<br>Facsimile: (713) 223-7071<br>Email: | |

| | |
|---|---|
| mprebeg@clearmanprebeg.com | |
| Matthew S. Compton, Jr.<br>815 Walker Street, Suite 1040<br>Houston, Texas 77002<br>Telephone:   (713) 223-7070<br>Facsimile:     (713) 223-7071<br>Email:<br>mcompton@clearmanprebeg.com | |

| ZTE (USA), Inc.<br>Defendant | Samsung Elecs. Co., Ltd., et al.,<br>Defendants |
|---|---|
| Hugh Q. Gottschalk<br>Matthew E. Johnson<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202<br>Tel: (303) 244-1800<br>Fax: (303) 244-1879<br>Gottschalk@wtotrial.com<br>Johnson@wtotrial.com | Joshua L. Raskin<br>GREENBERG TRAURIG, LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel.: (212) 801-6930<br>Fax: (212) 805-5583<br>raskinj@gtlaw.com |
| | Amy L. Kramer<br>GREENBERG TRAURIG, LLP<br>1200 Seventeenth Street, Suite 2400<br>Denver, Colorado 80202<br>Tel: (303) 572-6500<br>Fax: (303) 572-6540<br>kramera@gtlaw.com |

Page **3**

| Nokia Corp., et. al., Defendants | Pantech Co. Ltd., et al., Defendants |
|---|---|
| Scott R. Bialecki<br>FOX ROTHSCHILD LLP<br>Tabor Center<br>1200 17th Street, Suite 975<br>Denver, CO 80202<br>Telephone:  (303) 446-3840<br>Facsimile:  (303) 446-3841<br>sbialecki@foxrothschild.com | Colin H. Murray<br>BAKER & McKENZIE LLP<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-3244<br>Facsimile: (415)  576-3099<br>colin.murray@bakermckenizie.com |
| Allison H. Altersohn<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Telephone:  (212) 556-2100<br>Facsimile:  (212) 556-2222<br>aaltersohn@kslaw.com | |

| Kyocera Communications, Inc., Defendant | HTC Corp., et al., Defendants |
|---|---|
| Nicola A. Pisano<br>npisano@foley.com<br>Foley & Lardner LLP<br>3579 Valley Centre Drive, Suite 300<br>San Diego, CA 92130-3302<br>Telephone:  858.847.6700<br>Facsimile:   858.792.6773 | Stephen E. Kabakoff<br>FINNEGAN, HENDERSON,<br>FARABOW, GARRETT & DUNNER,<br>LLP<br>303 Peachtree Street, NE<br>3500 SunTrust Plaza<br>Atlanta, GA 30308<br>Telephone: (404) 653-6400<br>Facsimile: (404)  653-6444<br>stephen.kabakoff@finnegan.com |
| | Conor F. Farley<br>HOLLAND & HART LLP<br>555 Seventeenth Street<br>Suite 3200<br>Denver, CO 80202-3979<br>Telephone: (303) 295-8000<br>Facsimile: (303) 295-8261 |

2.   STATEMENT OF JURISDICTION

The Parties agree that this action arises under the patent laws of the United

States, Title 35 United States Code, §§ 1, *et seq.*  The Parties agree that this Court has

subject matter jurisdiction over claims for patent infringement based on 28 U.S.C.

§§ 1331 and 1338(a).

3.   STATEMENT OF CLAIMS AND DEFENSES

A.   **Plaintiff Cellport Systems, Inc.**

i.   **Plaintiff's Claims:**

a.   Patent Infringement (either literally or under the doctrine of

equivalents) under 35 U.S.C. § 271(a)–(c), including but not

limited to theories of direct infringement, vicarious liability for

direct infringement, inducement of infringement, and

contributory infringement.

b.   Recovery for damages adequate to compensate Cellport for

infringement, which in no event can be less than a

reasonable royalty, including an accounting, pre- and post-

judgment interest.

c.   A declaration that the case be declared exceptional pursuant

to 35 U.S.C. § 285, in favor of Cellport, and that Cellport be

granted its attorneys' fees in this action.

d.   An award of costs to Cellport.

ii.   **Plaintiff's Defenses to Defendants' Counterclaims and/or
Affirmative Defenses**

a.   Plaintiff's believes that U.S. Patent No. 6,122,514 ("the '514

patent") is valid, infringed, enforceable, and that Plaintiff is entitled to damages, which by statute may not be less than a reasonable royalty.

b.      The Defendants' affirmative defenses and counterclaims fail to state a claim upon which relief can be granted because they fail to satisfy the pleading standards of *Twombly*, *Iqbal*, or other relevant precedent.

**B.      Defendants**

To the extent that Defendants have collectively summarized their claims and defenses below for brevity, the factual underpinnings for these claims and defenses may not be common among all Defendants.  Accordingly, Defendants do not agree that the cases against the several Defendants should be consolidated.  In addition, Defendants reserve the right to assert additional claims and defenses when presented during discovery.

Defendant ZTE (USA), Inc. ("ZTE USA") answered Plaintiff's Complaint on February 19, 2013.  ZTE USA asserted counterclaims against Plaintiff of non-infringement and invalidity of the '514 patent.  (1:12-cv-03296-RBJ, Dkt. No. 20.)  The Court dismissed ZTE Corporation and ZTE Solutions, Inc. on May 21, 2013. (1:12-cv-03296-RBJ, Dkt. No. 38.)

Defendants HTC Corporation, HTC America Holding Inc., and HTC America, Inc. (collectively, the "HTC Defendants") answered Plaintiff's Complaint on April 8, 2013 and asserted counterclaims against Plaintiff of non-infringement and invalidity of the '514 patent.  (1:13-cv-00173-RBJ, Dkt. No. 18, at 8-10.)  In addition to Defendants' defenses

listed below, the HTC Defendants also asserted that the Court lacks personal jurisdiction over HTC America Holding Inc., and to the extent that any of the accused products are used by and/or manufactured for the United States government, Plaintiff's claims are barred, in whole or in part, under 28 U.S.C. § 1498.  (*Id.* at 6-7.)

Defendant Kyocera Communications, Inc. ("Kyocera") answered Plaintiff's Complaint on March 13, 2013 and asserted counterclaims against Plaintiff of non-infringement and invalidity of the '514 patent.  (1:13-cv-174-RBJ, Dkt. No. 15.)  Kyocera answered Plaintiff's Amended Complaint on April 19, 2013 and again asserted counterclaims against Plaintiff of non-infringement and invalidity of the '514 patent.  (1:13-cv-174-RBJ, Dkt. No. 24.)

Defendants LG Electronics, Inc., LG Electronics, U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc. (collectively, the "LG Defendants") answered Plaintiff's Complaint on May 2, 2013 and asserted counterclaims against Plaintiff of non-infringement and invalidity of the '514 patent.  (1:13-cv-175-RBJ, Dkt. No. 33.)

Defendants Nokia Corporation and Nokia Inc. (collectively, the "Nokia Defendants") answered Plaintiff's Complaint on May 2, 2013 but have not asserted any counterclaims.  (1:13-cv-178-RBJ-MJW, Dkt. No. 26.)  The Nokia Defendants are still evaluating possible counterclaims against Plaintiff and reserve the right to assert counterclaims subsequent to the entry of this Order.

Defendants Pantech Wireless, Inc. and Pantech Co., Ltd. (collectively, the "Pantech Defendants") filed a motion to dismiss Plaintiff's indirect infringement claims on May 2, 2013 (1:13-cv-179-RBJ, Dkt. No. 20).  On May 17, 2013, Plaintiff filed its First Amended Complaint (1:13-cv-179-RBJ, Dkt. No. 24).  On June 3, 2013, the Pantech

Defendants answered the First Amended Complaint and filed a motion to dismiss Plaintiff's indirect infringement claims (1:13-cv-179-RBJ, Dkt. Nos. 30 and 31).

Defendants Samsung Electronics Co, Ltd. and Samsung Telecommunications America, LLC (collectively, the "Samsung Defendants") filed a motion to dismiss Plaintiff's indirect infringement claims on May 2, 2013. (1:13-cv-00180-RBJ, Dkt. No. 30). On May 31, 2013, the Samsung Defendants answered Plaintiff's Amended Complaint and asserted counterclaims against Plaintiff of non-infringement and invalidity of the '514 patent (1:13-cv-180-RBJ, Dkt. No. 36).

Defendants deny that they directly or indirectly infringe any valid and enforceable claim of the '514 patent, either literally or under the doctrine of equivalents. Defendants also assert that (i) each claim of the '514 patent is invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability set forth in at least, *e.g.,* 35 U.S.C. §§ 101, 102, 103 and 112; (ii) Plaintiff's claims for patent infringement are precluded to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to the Defendants by any entity or entities having express or implied licenses to the '514 patent and/or under the doctrine of patent exhaustion; (iii) Plaintiff is barred under principles of equity (*e.g.,* laches, prosecution laches, waiver, estoppel, unclean hands); (iv) Plaintiff's claims for damages and/or costs are limited and/or barred under 35 U.S.C. §§ 286, 287 and/or 288; (v) Plaintiff is not entitled to any equitable relief (*e.g.,* injunctive relief) because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has had an adequate remedy at law and/or public policy concerns weigh against any such relief; (vi) Plaintiff has failed to state a claim upon which relief can be granted; (vii) Plaintiff is estopped by reason of

Page **8**

prosecution history estoppel from asserting infringement of the '514 patent under the doctrine of equivalents; and/or (viii) by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application which resulted in the issuance of the '514 patent, Plaintiff is estopped from claiming infringement by the Defendants of one or more claims of the '514 patent.

**C.    Other Parties:** None.

**4.    UNDISPUTED FACTS**

The Parties have not yet agreed on any facts.

**5.    COMPUTATION OF DAMAGES**

**A.    Plaintiff's Statement.**

As of the date of this Rule 26 disclosure, discovery has not commenced. Consequently, Plaintiff is unable to calculate its damages and reserves the right to do so at the appropriate time.  Nevertheless, per 35 U.S.C. § 284, recovery for damages adequate to compensate Plaintiff for infringement can in no event can be less than a reasonable royalty with pre- and post- judgment interest as set by the Court.

**B.    Defendants' Statement.**

Defendants believe that Plaintiff is not entitled to any damages.  Each of the Defendant Groups is continuing its investigation and reserves the right to modify or supplement as appropriate.

Defendants request that the Court find this case exceptional under 35 U.S.C. § 285 and award costs and fees, including reasonable attorneys' fees and pre-judgment interest thereon.

**6.    REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)**

## A.     Date of Rule 26(f) Meeting.

A Rule 26(f) conference was held with the LG Defendants on March 22, 2013.  A Rule 26(f) conference was held with the Nokia Defendants on March 25, 2013.  A Rule 26(f) conference was held with all Defendants on April 29, 2013 and May 8, 2013.

## B.     Names of Each Participant and Party He/She Represented.

The table below provides the names, addresses, and telephone numbers of counsel for each Party in attendance at one or more of the Rule 26(f) conferences set forth above.

| Cellport Systems, Inc.<br>Plaintiff | LG Elecs., Inc., et al.,<br>Defendants |
|---|---|
| David M. Tenner<br>Ridley, McGreevy & Winocur, P.C.<br>303 16th Street, Suite 200<br>Denver, Colorado 80202<br>Telephone: (303) 629-9700<br>Facsimile: (303) 629-9702<br>Email: tenner@ridleylaw.com | Megan S. Woodworth<br>Dickstein Shapiro LLP<br>1825 Eye Street NW<br>Washington, DC 20006<br>Telephone: (202) 420-2200<br>Facsimile: (202) 420-2201<br>Email:<br>woodworthm@dicksteinshapiro.com |
| Matthew J.M. Prebeg<br>Clearman|Prebeg LLP<br>815 Walker Street, Suite 1040<br>Houston, Texas 77002<br>Telephone: (713) 223-7070<br>Facsimile: (713) 223-7071<br>Email:<br>mprebeg@clearmanprebeg.com | Nicholas H. Jackson<br>Dickstein Shapiro LLP<br>1825 Eye Street NW<br>Washington, DC 20006<br>Telephone: (202) 420-2200<br>Facsimile: (202) 420-2201<br>Email:<br>jacksonn@dicksteinshapiro.com |
| Matthew S. Compton, Jr.<br>815 Walker Street, Suite 1040<br>Houston, Texas 77002<br>Telephone:    (713) 223-7070<br>Facsimile:    (713) 223-7071<br>Email:<br>mcompton@clearmanprebeg.com | |

| ZTE USA<br>Defendant | Samsung Elecs. Co., Ltd., et al.,<br>Defendants |
|---|---|
| Scott R. Miller<br>Sheppard Mullin Richter & Hampton LLP<br>333 South Hope Street; 43rd Floor<br>Los Angeles, California  90071<br>Phone:  (213) 617-4177<br>Facsimile:  (213) 443-2817<br>smiller@sheppardmullin.com | Joshua L. Raskin<br>GREENBERG TRAURIG, LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 801-6930<br>Facsimile: (212) 805-5583<br>raskinj@gtlaw.com |
| Deepali Brahmbhatt<br>Sheppard Mullin Richter & Hampton LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301<br>Tel:   (650) 815-2604<br>Fax:  (650) 815-4683<br>dbrahmbhatt@sheppardmullin.com | |
| Hugh Q. Gottschalk<br>Matthew E. Johnson<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202<br>Tel: (303) 244-1800<br>Fax: (303) 244-1879<br>Gottschalk@wtotrial.com<br>Johnson@wtotrial.com | |

| Nokia Corp., et. al., Defendants | Pantech Co. Ltd., et al.,<br>Defendants |
|---|---|
| Scott R. Bialecki<br>FOX ROTHSCHILD LLP<br>Tabor Center<br>1200 17th Street, Suite 975<br>Denver, CO 80202<br>Telephone:  (303) 446-3840<br>Facsimile:  (303) 446-3841<br>sbialecki@foxrothschild.com | D. James Pak<br>BAKER & McKENZIE LLP<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 592-3209<br>Facsimile: (202) 416-7033<br>d.james.pak@bakermckenzie.com |
| Allison H. Altersohn<br>Christopher C. Carnaval<br>KING & SPALDING LLP | |

|  |  |
|---|---|
| 1185 Avenue of the Americas<br>New York, NY 10036<br>Telephone:  (212) 556-2100<br>Facsimile:  (212) 556-2222<br>aaltersohn@kslaw.com<br>ccarnaval@kslaw.com |  |

| Kyocera Communications, Inc.,<br>Defendant | HTC Corp., et al.,<br>Defendants |
|---|---|
| Jose L. Patiño<br>jpatino@foley.com<br>Foley & Lardner LLP<br>3579 Valley Centre Drive, Suite 300<br>San Diego, CA 92130-3302<br>Telephone:  858.847.6700<br>Facsimile:   858.792.6773 | John R. Alison<br>FINNEGAN, HENDERSON,<br>FARABOW, GARRETT & DUNNER,<br>LLP<br>901 New York Avenue, NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202)  408-4400<br>john.alison@finnegan.com |
|  | Houtan K. Esfahani<br>FINNEGAN, HENDERSON,<br>FARABOW, GARRETT & DUNNER,<br>LLP<br>901 New York Avenue, NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202)  408-4400<br>houtan.esfahani@finnegan.com |
|  | Stephen E. Kabakoff<br>FINNEGAN, HENDERSON,<br>FARABOW, GARRETT & DUNNER,<br>LLP<br>303 Peachtree Street, NE<br>3500 SunTrust Plaza<br>Atlanta, GA 30308<br>Telephone: (404) 653-6400<br>Facsimile: (404)  653-6444<br>stephen.kabakoff@finnegan.com |

**C.     Statement as to When Rule 26(a)(1) Disclosures Were Made or Will be Made.**

Given the number of Parties and the broad range of answer dates, the Parties

agree and stipulate that their Rule 26(a)(1) disclosures will be made on June 21, 2013.

**D.     Proposed Changes, if Any, in Timing or Requirement of Disclosures under Fed. R. Civ. P. 26(a)(1).**

The Parties have proposed a 37-day extension for serving Rule 26(a)(1)

disclosures (otherwise due on May 15, 2013), as set forth above.

**E.     Statements Concerning Any Agreements to Conduct Informal Discovery.**

None.

**F.     Statement Concerning Any Other Agreements or Procedures to Reduce Discovery and Other Litigation Costs, Including the Use of a Unified Exhibit Numbering System.**

The Parties have agreed to the following procedures:

(1) The Parties will use a unified trial exhibit numbering system.

(2) The Parties have agreed that all communications or documents generated

after the filing of the original complaint in this case do not need to be

logged on a privilege log.  The Parties also have agreed that

communications with a patent prosecution counsel that are being withheld

on a claim of privilege should be listed on a privilege log.  As to any other

issues, the parties shall comply with Fed. R. Civ. P. 26(b)(5)(A).

**G.     Statement as to Whether the Parties Anticipate That Their Claims or Defenses Will Involve Extensive Electronically Stored Information, or That a Substantial Amount of Disclosure or Discovery Will Involve Information or Records Maintained in Electronic Form.**

The Parties agree that discovery of electronically stored information may be

necessary.  The Parties have notified their clients of their obligations to preserve evidence, including electronically stored documents.  If discovery of electronically stored information is necessary, the Parties have agreed to be bound by the provisions of the Federal Circuit's [Model] Order regarding E–Discovery in Patent Cases (attached hereto as Exhibit A).

Assuming discovery of electronically stored information is necessary, the Parties will meet and confer in good faith to ensure that the format of each Party's production is compatible with the technical requirements of the receiving Party's document management system and the Parties agree to conduct additional meet and confer conferences, as necessary, to attempt to reach further agreement on electronic document production.  For example, the Parties agree to meet and confer as to an alternative mode of production such as native format when a document would become illegible or unusable when converted to TIFF, *e.g.* Microsoft Excel files, or when a document cannot be converted to TIFF.

In addition, if discovery of electronically stored information is necessary, the Parties have agreed to the following:

1.      When possible, electronically-stored documents will be produced as single-page TIFF images or PDF images with appropriate production numbers and confidentiality designations, with extracted text or OCR text, and with load files that denote document breaks.  For documents produced in native format, in addition to extracted or OCR text, slip sheets endorsed with the production number and level of confidentiality will be provided.

2.      The Parties will not produce "litigation hold" notices, if any, that were

prepared for purposes of this litigation.

3.      Audio and/or video files (*e.g.*, WAV, MID, MP3, AVI, FVL, WMV, etc.) need not be searched, collected or produced.

4.      Materials retained primarily for back-up or disaster recovery purposes need not be searched or produced, and a Party need not deviate from any back-up schedule or other practice it normally follows with regard to preservation of such materials (*e.g.,* recycling of back-up tapes conducted in the ordinary course of a party's business operations is permitted), except when and to the extent there is good cause to believe specific responsive information may have been lost, destroyed, or inadvertently deleted other than in accordance with a document retention policy.

5.      A Party need not employ forensic data collection or tracking methods and technologies, but instead may make electronic copies for collection and processing purposes using widely-accepted methods or methods described in manufacturers' and/or programmers' instructions, help menus, websites, and the like (*e.g.,* .pst's, .zip's, etc.), except when and to the extent there is good cause to believe specific, material concerns about authenticity or spoliation exist with respect to specific documents and materials.  If a receiving Party believes that there is such good cause shown, then the Parties shall meet and confer in good faith to determine the extent to which forensic and other data associated with the specific documents and materials should be produced.

6.      If responsive documents are located on a centralized server or network, or on an individual employee's computer, or are otherwise located within a Party's possession, custody, or control, the producing Party shall not be required to search for or produce additional copies of such responsive documents absent a showing of good

cause that the production of such additional copies is necessary.

7.     Notwithstanding the preceding paragraphs, to the extent a Party believes it can show good cause or otherwise wishes to request specific documents and materials, or a producing Party believes discovery requests or particular applications of this Order may be unduly burdensome or otherwise objectionable under the applicable rules, the Parties will meet and confer in good faith as to the necessity for, scope of, and objections to such production before seeking relief from the Court.

### H.     Statement Summarizing the Parties' Discussions Regarding the Possibilities for Promptly Settling or Resolving the Case.

Plaintiff and ZTE USA, the HTC Defendants, the Nokia Defendants, Kyocera, the Samsung Defendants and the LG Defendants have discussed settlement possibilities. The Plaintiff and the Pantech Defendants have not yet engaged in substantive settlement discussions.

### 7.     CONSENT

All Parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8.     DISCOVERY LIMITATIONS

For purposes of § 8, "Defendants" collectively refers to all defendants in the seven related above-captioned actions.  "Defendant Group" refers to a Party or a group of Parties that are related entities.  For example, Pantech Co. Ltd. and Pantech Wireless, Inc. comprise one Defendant Group, while LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. comprise another Defendant Group.

As set forth in the Parties' Proposed Case Plan and Schedule included in § 9,

*infra*, prior to the joint invalidity trial set for April 21, 2014, the Parties will only engage in necessary discovery directly relating to matters at issue in the invalidity trial.  All discovery unrelated to invalidity (*e.g.* discovery related to infringement, damages, other defenses, etc.) is deferred until after the conclusion of the joint invalidity trial, *i.e.*, until April 28, 2014.  To the extent any Party serves discovery requests or deposition notices related to invalidity issues, such discovery will count against the limitations described below.

**A.    Modifications Which Any Party Proposes to the Presumptive Numbers of Depositions or Interrogatories Contained in the Federal Rules.**

**i.    Interrogatories.**  Plaintiff may serve up to ten (10) interrogatories stated identically to all Defendants and fifteen (15) interrogatories stated individually to each Defendant Group.  Defendants may jointly serve up to ten (10) interrogatories stated identically on Plaintiff and each Defendant Group may additionally serve up to fifteen (15) interrogatories on Plaintiff.

**ii.    Depositions.**  The Parties do not propose limitations on the number of depositions.  Rather, the Parties propose hours-based limitations as described in § 8.B, *infra*.

**B.    Limitations Which Any Party Proposes on the Length of Depositions.**

**i.    Fact Depositions of Parties.**  Except as additionally provided in subsections ii and iii of this paragraph, the following limitations shall apply to fact depositions of the Parties:

a.    Plaintiff may take a total of twenty-one (21) hours of combined Rule 30(b)(1) and Rule 30(b)(6) deposition testimony per each Defendant Group, including its officers, directors, and/or employees.

b.    Defendants jointly may take a total of thirty-five (35) common hours of Rule 30(b)(1) and Rule 30(b)(6) deposition testimony of Plaintiff, including its officers, directors, and/or employees.  In addition, each Defendant Group may take an additional four (4) hours of Rule 30(b)(1) and Rule 30(b)(6) deposition testimony of Plaintiff, including its officers, directors, and/or employees.  These limitations are based on

an assumption that Plaintiff will identify no more than 3 individuals employed by Cellport in its Rule 26 Disclosures as having information relevant to the claims and defenses in this case.  If Plaintiff identifies more than 3 individuals, the Parties agree to meet and confer in good faith about reasonable adjustments to the foregoing limits.

ii. **Depositions of Inventors.**

 a. Defendants may jointly take up to six (6) common hours of deposition testimony of each named inventor of the Patent-in-Suit that is employed by or under the control of Plaintiff. In addition, each Defendant Group may take an additional two (2) hours of deposition testimony from each named inventor that is employed by or under the control of Plaintiff. The Federal Rules govern the length and all other aspects of depositions taken of an inventor that is not employed by or under the control of Plaintiff.  In no event shall Defendants be limited to less than seven (7) hours of deposition testimony of each named inventor.

 b. Plaintiff may, at its option, take up to seven (7) hours of deposition testimony of each named inventor of the Patent-in-Suit that is not employed by or under the control of Plaintiff.

 c. Depositions of a named inventor shall not be counted against any limitations regarding depositions of the Plaintiff as described in § 8.B.i, *supra* or against any limitations regarding depositions of third-parties as described in § 8.B.iv, *infra*.

iii. **Depositions of Prosecuting Attorneys.**  Defendants may jointly take up to six (6) common hours of deposition testimony of each of the prosecuting attorneys of the Patent-in-Suit.  In addition, each Defendant Group may take an additional two (2) hours of deposition testimony of each of the prosecuting attorneys of the Patent-in-Suit.  In no event shall Defendants be limited to less than seven (7) hours of deposition testimony of each of the prosecuting attorneys.

iv. **Fact Depositions of Third Parties.**  For non-parties that are neither inventors nor prosecuting attorneys, each side (wherein all Defendants collectively are one side and Plaintiff is another side) shall additionally be permitted up to one hundred fifteen (115) hours of deposition testimony.

Page **18**

### v.      Expert Depositions.

a.      Expert depositions shall be limited to seven (7) hours per expert per substantive topic (*e.g.,* one Defendant Group's non-infringement expert could be deposed for seven (7) hours by Plaintiff and Plaintiff's validity expert could be deposed for seven (7) hours by Defendants).

   (1)   If, however, one expert's report(s) covers a substantive topic related to more than one Defendant Group (*e.g.,* Plaintiff retains one expert to opine as to the infringement of each Defendants Group, or three Defendant Groups retain one expert to opine as to damages for each Defendant Group), then that expert may be deposed for seven (7) hours per Defendant Group covered by his or her report for that substantive topic.

   (2)   In the event a joint expert is retained by more than one Defendant Group to opine on a common substantive topic, such as invalidity, Plaintiff is entitled to depose that expert for no more than seven (7) hours on that substantive topic.

   (3)   If one expert is retained by the Plaintiff to opine on a common substantive topic, such as validity, Defendants are jointly entitled to depose that expert for no more than seven (7) hours on that substantive topic.

   (4)   If one expert's report(s) covers more than one substantive topic (*e.g.,* both infringement and validity, or both non-infringement and invalidity) and relates to more than one Defendant Group, then that expert may be deposed for seven (7) hours per substantive topic per Defendant Group.  For example, if Plaintiff has an expert opine on validity and on infringement by the LG Defendants, the Samsung Defendants, and the Nokia Defendants, that expert could be deposed for seven (7) hours on validity, for seven (7) hours on infringement by the LG Defendants, for seven (7) hours on infringement by the Samsung Defendants, and for seven (7) hours on infringement by the Nokia Defendants, for a total of twenty-eight (28) hours.

b.      In the event a single expert's deposition will exceed seven (7) hours of testimony time based on any of the scenarios described above, the Parties will make all reasonable efforts

Page **19**

to cause the expert's deposition to occur on consecutive days.

    c.    Depositions of experts pursuant to this provision do not count against the limitations set forth in the above subsections with respect to depositions of fact witnesses.

  **vi.**    Time spent by a Party on cross-examination of a witness at a deposition noticed or subpoenaed by an opposing Party counts towards the time limits set forth above for the Party cross-examining the witness.

  **vii.**    The Parties shall reasonably cooperate in the scheduling of witnesses of interest to more than one Party or side.

  **viii.**    With respect to any and all depositions, the Parties are expected to avoid unreasonably duplicative questioning and to use their time efficiently.

**C.**    **Limitations Which Any Party Proposes on the Number of Requests for Production and/or Requests for Admission.**

  **i.**    **Requests for Production.**  Plaintiff may serve up to fifty (50) requests for production stated individually to each Defendant Group.  Each Defendant Group may serve up to fifty (50) requests for production on Plaintiff.

  **ii.**    **Requests for Admission.**  Plaintiff may serve up to twenty (20) requests for admission stated identically to all Defendants and thirty-five (35) requests for admission stated individually to each Defendant Group. Defendants may jointly serve up to twenty (20) requests for admission stated identically on Plaintiff and each Defendant Group may additionally serve up to thirty-five (35) requests for admission on Plaintiff.  Notwithstanding the foregoing, there shall be no limitations on the number of requests for admission any Party may use solely for the purpose of authentication of evidence.

**D.**    **Other Planning or Discovery Orders.**

The Parties will submit a Proposed Protective Order within 37 days after the

Scheduling Conference, *i.e.,* on or before June 28, 2013.

The Parties recognize that these proceeding are still in a preliminary stage and

that discovery has not yet commenced.  Accordingly, they agree to meet and confer in

good faith about reasonable adjustments to any of the preceding limits as discovery progresses.  Furthermore, to the extent the Parties are unable to reach an agreement, any Party may move to modify these limitations for good cause.

9.    CASE PLAN AND SCHEDULE

   **Parties' Proposed Case Plan and Schedule:**

| Event | Date |
|---|---|
| Scheduling Conference | May 22, 2013 |
| Disclosure of Asserted Claims and Infringement Contentions by Plaintiff[1] | June 14, 2013 |
| Initial Disclosures | June 21, 2013 |
| Submission of a Protective Order | June 28, 2013 |
| Last Day to Amend Pleadings or Add Parties | July 8, 2013 |
| Exchange of Proposed Terms and Claim Elements for Construction | July 19, 2013 |
| Disclosure of Invalidity Contentions by Defendants[2] | August 14, 2013 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | August 19, 2013 |

---

[1] These Disclosures shall include (a) an identification of the asserted claims against the Defendants; (b) separately for each asserted claim, a specific identification (e.g., model number) of each accused product, method, or process of the Defendants; and (c) a chart identifying specifically where each element of each asserted claim is found, literally or under the doctrine of equivalents, within each accused product, method, or process.

[2] These Disclosures shall include (a) prior art references known to the Defendants, which do not appear in the file history of the '514 patent; and (b) for each item of prior art that allegedly anticipates each asserted claim or renders it obvious, a chart identifying where specifically in said item of prior art each element of each asserted claim is found.

| Event | Date |
|---|---|
| Joint Claim Construction, Pre-Hearing Statement | September 10, 2013<br><br>The Parties will file a joint claim construction statement that identifies Parties' final proposed claim constructions, and the intrinsic and extrinsic evidence to support each side's proposed construction. |
| Exchange and File Opening Claim Construction Briefs (not to exceed 20 pages each) and Technology Tutorial(s) (if any) | October 10, 2013 |
| Exchange and File Responsive Claim Construction Briefs (not to exceed 15 pages each) | November 7, 2013 |
| Last Day to Identify or Exchange any Physical Exhibits to be submitted to the Court at Claim Construction Hearing (not including the presentations themselves) | November 12, 2013 |
| Claim Construction Hearing | November 14, 2013 at 9:00 a.m. |
| Close of Fact Discovery Related to Invalidity Trial and Deadline for Filing Motions to Compel Related to Invalidity Trial<br><br>Fact discovery is to be served such that a timely answer is due no later than on or before the Close of Fact Discovery. | February 7, 2014 |
| Party with the Burden of Proof on Invalidity to Designate Expert Witnesses and serve Expert Witness Reports on Invalidity | February 7, 2014 |

Page **22**

| Event | Date |
|---|---|
| Designate Rebuttal Expert Witnesses on Invalidity and serve Rebuttal Expert Witness Reports on Invalidity | February 21, 2014 |
| Close of Expert Discovery on Invalidity | March 7, 2014 |
| Deadline for Dispositive Motions and *Daubert* Motions Related to Invalidity Trial | March 14, 2014 |
| Responsive Brief(s) Deadline | April 7, 2014 |
| Reply Brief(s) Deadline | April 14, 2014 |
| Final Pre-Trial Order Related to Joint Invalidity Jury Trial | 7 days before Final Pre-Trial Conference |
| Final Pre-Trial Conference Related to Joint Invalidity Jury Trial | As Set by the Court |
| Five-Day Joint Invalidity Jury Trial | April 21, 2014 at 9:00 a.m. |
| Commencement of Discovery on Remaining Issues (*e.g.* discovery related to infringement, damages, other defenses, etc.) | April 28, 2014 |
| Close of Fact Discovery (on remaining issues) Fact discovery is to be served such that a timely answer is due no later than on or before the Close of Fact Discovery. | August 14, 2014 |
| Party with the Burden of Proof to Designate Expert Witnesses and serve Expert Witness Reports (on remaining issues) | August 21, 2014 |

Page **23**

| Event | Date |
|---|---|
| Designate Rebuttal Expert Witnesses and serve Rebuttal Expert Witness Reports (on remaining issues) | September 18, 2014 |
| Close of Expert Discovery (on remaining issues) | October 1, 2014 |
| Deadline for Dispositive Motions and *Daubert* Motions (on remaining issues) | October 7, 2014 |
| Responsive Brief(s) Deadline | October 21, 2014 |
| Reply Brief(s) Deadline | October 27, 2014 |
| Status Conference to Determine the Defendants to Be Included in the Trials on remaining issues | As Set by the Court |
| Final Pre-Trial Order for First Trial on remaining issues | October 29, 2014 |
| Final Pre-Trial Conference for First Trial on remaining issues | November 5, 2014 |
| First Five-Day Jury Trial Date on remaining issues | November 12, 2014 |
| Final Pre-Trial Order for Second Trial on remaining issues | 7 days before Final Pre-Trial Conference |
| Final Pre-Trial Conference for Second Trial on remaining issues | As Set by the Court |
| Second Five-Day Jury Trial Date on remaining issues | December 1, 2014 |

**A.  Deadline for Joinder of Parties and Amendment of Pleadings.**

The deadline for joinder of parties and amendment of pleadings is July 8, 2013, after which any joinder of parties or amendment of pleading shall require leave of Court.

**B.  Discovery Cut-off.**

The close of fact discovery on issues related to the invalidity trial is <u>February 7, 2014</u>, and the close of expert discovery on issues related to the invalidity trial is <u>March 7, 2014</u>.  The close of fact discovery on remaining issues is August 14<u>, 2014, and t</u>he close of expert discovery on remaining issues is <u>October 1, 2014</u>.

**C.      Dispositive Motion Deadline.**

The dispositive motion deadline for issues related to the invalidity trial is <u>March 14, 2014</u>, and the dispositive motion deadline for remaining issues is <u>October 7, 2014</u>.

**D.      Expert Witness Disclosure.**

1.      <u>The Parties shall identify anticipated fields of expert testimony, if any.</u>  The Parties presently anticipate the use of expert testimony relative to the issues of infringement, validity, enforceability, damages, and/or other issues.

2.      <u>Limitations which the Parties propose on the use or number of expert witnesses.</u>  None anticipated at this time.

3.      The Parties shall designate all experts on issues related to the invalidity trial and provide opposing counsel and any pro se Parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>February 7, 2014</u>. *See* chart, *supra.*

4.      The Parties shall designate all rebuttal experts on issues related to the invalidity trial and provide opposing counsel and any pro se Party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>February 21, 2014</u>. *See* chart, *supra.*

5.      The Parties shall designate all experts on remaining issues and provide opposing counsel and any pro se Parties with all information specified in

Fed. R. Civ. P. 26(a)(2) on or before <u>August 21, 2014</u>. *See* chart, *supra.*

6.      The Parties shall designate all rebuttal experts on remaining issues and provide opposing counsel and any pro se Party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>September 18, 2014</u>. *See* chart, *supra.*

**E.      Identification of Persons that May be Deposed.**

The Parties reserve the right to modify the list of deponents as necessary and appropriate based on ongoing discovery in the case.

Plaintiff presently anticipates deposing at least the following classes of persons: the designated expert witnesses, inventors, persons with knowledge of the design and functioning of the accused products, persons with knowledge of the existence and location of discoverable documents and information, persons with knowledge concerning the prior art, persons with knowledge relative to a reasonable royalty, 30(b)(6) designees, and other persons with knowledge related to any disputed factual issue.

Defendants anticipate that the Parties may depose at least the following classes of persons: designated expert witnesses, inventors, persons with knowledge of the design and functioning of the accused products, persons with knowledge of the existence and location of discoverable documents and information, persons with knowledge concerning the prior art, persons with knowledge relative to a reasonable royalty, 30(b)(6) designees, and other persons with knowledge related to any disputed factual issue.

**F.      Deadline for Interrogatories.**

The Parties have agreed that discovery is to be served such that a timely answer

is due no later than on or before the appropriate cut-off date.

**G.    Deadline for Requests for Production of Documents and/or Admissions.**

The Parties have agreed that discovery is to be served such that a timely answer is due no later than on or before the appropriate cut-off date.

**10.    DATES FOR FURTHER CONFERENCES**

**A.**    Status conferences will be held in this case at the following dates and times: _____

_____.

To the extent the Court feels final pretrial conferences would be helpful, the Court should set such conferences at its convenience.

**B.**    A final pretrial conference for the joint invalidity trial will be held in this case on _____ at ___ o'clock __.  A Final Pre-trial Order shall be prepared by the Parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

**C.**    A final pretrial conference for the first trial on remaining issues will be held in this case on _____ at ___ o'clock __.  A Final Pre-trial Order shall be prepared by the Parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

**D.**    A final pretrial conference for the second trial on remaining issues will be held in this case on _____ at ___ o'clock __.  A Final Pre-trial Order shall be prepared by the Parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

**11.    OTHER SCHEDULING MATTERS**

**A.    Identify Those Discovery or Scheduling Issues, if Any, on Which Counsel After a Good Faith Effort, Were Unable to Reach an Agreement.**

None.

**B.    Anticipated Length of Trial and Whether Trial is to the Court or Jury.**

The Parties anticipate a jury trial of five days for invalidity.  The Parties anticipate jury trials of five days for each trial on remaining issues.

**C.    Identify Pre-Trial Proceedings, if Any, That the Parties Believe May be More Efficiently or Economically Conducted in the District Court's Facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.**

None.

**12.    NOTICE TO COUNSEL AND PRO SE PARTIES**

The Parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, Parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* Party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file

Page **28**

a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

**13.   AMENDMENTS TO SCHEDULING ORDER**

This scheduling order may be altered or amended only upon a showing of good cause.

Dated at Denver, Colorado, this 6th day of June, 2013:

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

Approved:

| Cellport Systems, Inc. Plaintiff | LG Elecs., Inc., et al., Defendants |
|---|---|
| David M. Tenner<br>Ridley, McGreevy & Winocur, P.C.<br>303 16th Street, Suite 200<br>Denver, Colorado 80202<br>Telephone: (303) 629-9700<br>Facsimile: (303) 629-9702<br>Email: tenner@ridleylaw.com | Jeffrey K. Sherwood<br>Megan S. Woodworth<br>Nicholas H. Jackson<br>Dickstein Shapiro LLP<br>1825 Eye Street NW<br>Washington, DC 20006<br>Telephone: (202) 420-2200<br>Email:<br>sherwoodj@dicksteinshapiro.com<br>woodworthm@dicksteinshapiro.com<br>jacksonn@dicksteinshapiro.com |
| Matthew J.M. Prebeg<br>Clearman\|Prebeg LLP<br>815 Walker Street, Suite 1040<br>Houston, Texas 77002<br>Telephone: (713) 223-7070 | Aaron P. Bradford<br>Lathrop & Gage, LLP<br>950 17th Street, Suite 2400<br>Denver, CO 80202<br>Telephone: (720) 931-3200 |

| | |
|---|---|
| Facsimile: (713) 223-7071<br>Email:<br>mprebeg@clearmanprebeg.com | Email: abradford@lathropgage.com |
| Matthew S. Compton, Jr.<br>815 Walker Street, Suite 1040<br>Houston, Texas 77002<br>Telephone:   (713) 223-7070<br>Facsimile:   (713) 223-7071<br>Email:<br>mcompton@clearmanprebeg.com | **ATTORNEYS FOR DEFENDANTS LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC.** |

| ZTE USA,<br>Defendant | Samsung Elecs. Co., Ltd., et al.,<br>Defendants |
|---|---|
| Scott R. Miller<br>Sheppard Mullin Richter & Hampton LLP<br>333 South Hope Street; 43rd Floor<br>Los Angeles, California  90071<br>Phone:  (213) 617-4177<br>Facsimile:  (213) 443-2817<br>smiller@sheppardmullin.com<br><br>Deepali Brahmbhatt<br>Sheppard Mullin Richter & Hampton LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301<br>Tel:   (650) 815-2604<br>Fax:  (650) 815-4683<br>dbrahmbhatt@sheppardmullin.com<br><br>Hugh Q. Gottschalk<br>Matthew E. Johnson<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202<br>Tel: (303) 244-1800<br>Fax: (303) 244-1879<br>Gottschalk@wtotrial.com<br>Johnson@wtotrial.com<br><br>**ATTORNEYS FOR DEFENDANT ZTE (USA), INC.** | Joshua L. Raskin<br>GREENBERG TRAURIG, LLP<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 801-6930<br>Facsimile: (212) 805-5583<br>raskinj@gtlaw.com<br><br>Victor H. Polk, Jr.<br>GREENBERG TRAURIG, LLP<br>One International Place, 20th Floor<br>Boston, MA 02110<br>Tel: (617) 310-6000<br>Fax: (617) 310-6001<br>polkv@gtlaw.com<br><br>Gayle L. Strong<br>Amy L. Kramer<br>Greenberg Traurig, LLP<br>1200 Seventeenth Street, Suite 2400<br>Denver, Colorado 80202<br>Tel: (303) 572-6500<br>Fax: (303) 572-6540<br>strongg@gtlaw.com<br>kramera@gtlaw.com<br><br>**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO, LTD. AND SAMSUNG TELECOMMUNICATIONS** |

| | AMERICA, LLC |
|---|---|

| Nokia Corp., et. al., Defendants | Pantech Co. Ltd., et al., Defendants |
|---|---|
| Scott R. Bialecki<br>FOX ROTHSCHILD LLP<br>Tabor Center<br>1200 17th Street, Suite 975<br>Denver, CO 80202<br>Telephone:  (303) 446-3840<br>Facsimile:  (303) 446-3841<br>sbialecki@foxrothschild.com<br><br>Robert F. Perry<br>Allison H. Altersohn<br>Christopher C. Carnaval<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>Telephone:  (212) 556-2100<br>Facsimile:  (212) 556-2222<br>rperry@kslaw.com<br>aaltersohn@kslaw.com<br>ccarnaval@kslaw.com<br><br>**ATTORNEYS FOR DEFENDANTS NOKIA CORP. AND NOKIA INC.** | D. James Pak<br>Colin H. Murray<br>BAKER & McKENZIE LLP<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 576-3000<br>Facsimile: (415)  576-3099<br>d.james.pak@bakermckenzie.com<br>colin.murray@bakermckenizie.com<br><br>Edward Keith Runyan<br>BAKER & McKENZIE LLP<br>300 East Randolph Street,<br>Suite 5000<br>Chicago, IL 60601<br>Telephone: (312) 861-8000<br>Facsimile: (312) 698-2341<br>Edward.Runyan@bakermckenzie.com<br><br>**ATTORNEYS FOR DEFENDANTS PANTECH WIRELESS, INC. AND PANTECH CO., LTD.** |

| Kyocera Communications, Inc., Defendant | HTC Corp., et al., Defendants |
|---|---|
| Jose L. Patiño<br>jpatino@foley.com<br>Nicola A. Pisano<br>npisano@foley.com<br>Christopher C. Bolten<br>cbolten@foley.com<br>Foley & Lardner LLP<br>3579 Valley Centre Drive, Suite 300<br>San Diego, CA 92130-3302<br>Telephone:  858.847.6700<br>Facsimile:  858.792.6773<br><br>**ATTORNEYS FOR DEFENDANT** | John R. Alison<br>Houtan K. Esfahani<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202)  408-4400<br>john.alison@finnegan.com<br><br>Stephen E. Kabakoff<br>FINNEGAN, HENDERSON, |

Page **31**

| | |
|---|---|
| **AND COUNTER-PLAINTIFF KYOCERA COMMUNICATIONS, INC.** | FARABOW, GARRETT & DUNNER, LLP<br>303 Peachtree Street, NE<br>3500 SunTrust Plaza<br>Atlanta, GA 30308<br>Telephone: (404) 653-6400<br>Facsimile: (404) 653-6444<br>stephen.kabakoff@finnegan.com<br><br>James E. Hartley<br>Conor F. Farley<br>HOLLAND & HART LLP<br>555 Seventeenth Street<br>Suite 3200<br>Denver, CO 80202-3979<br>Telephone: (303) 295-8000<br>Facsimile: (303) 295-8261<br><br>**ATTORNEYS FOR DEFENDANTS HTC CORPORATION, HTC AMERICA HOLDING INC., AND HTC AMERICA, INC.** |